**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**AYOKUNIE O. KWANZOA,**

      **Plaintiff,**

**vs.**                                                                       **Case No. 4:11cv85-RH/WCS**

**Dr. ANTHONY McCOY,**

      **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

On May 17, 2011, the *pro se* Plaintiff filed a second amended civil rights

complaint.  Doc. 15.  This version of the complaint has been reviewed and is still not

sufficient to proceed.  Plaintiff names only one person as a Defendant, Dr. McCoy, and

despite several instructions to provide factual allegations to support Plaintiff's claims,

these allegations remain general, vague, and conclusory.

Plaintiff alleges discrimination, but it cannot be determined from the allegations

whether Plaintiff contends he was discriminated against because of being a Marine, or a

Black officer in the Marine Corps, or due to his "faith based teachings and doctrine," or

because he is Republican, a computer user, or any of Plaintiff's other purported

reasons.  Moreover, Plaintiff presents no facts supporting a claim of discrimination

because Plaintiff fails to demonstrate he was treated differently than other residents.

Plaintiff alleges a multitude of different claims against Dr. McCoy, most of which are fanciful.  For example, Dr. McCoy allegedly put Plaintiff under the influence of anesthesia and put splinters under Plaintiff's "finger nails and cut them to the flesh, tore ligaments in thigh and hip joint . . . ."  Plaintiff contends Dr. McCoy put "matter" and drugs in Plaintiff's meals and cancelled medical appointments outside of the Hospital.  Plaintiff alleges that Dr. McCoy "involved himself" in Plaintiff's intellectual property, and cut and tore Plaintiff's clothing, and injected Plaintiff with botox in his groin area.  These assertions are not based in reality, and no facts are presented which would lend any credence to these claims.  There are no dates provided for any event alleged, no witnesses, no supporting documentary evidence.  Plaintiff fails to present any allegations which show a viable constitutional claim.  Plaintiff's allegations are insufficient to state a claim for relief.  Many of the allegations are conclusory and lack factual allegations to support them, the ones with factual support are fanciful and do not show the violation of a constitutional right.  Opportunities to submit additional complaints should not be extended.  Rather, this complaint should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**